UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF ILLINOIS

KEVIN PRUITT,  
    Plaintiff,

vs.                                    No. 14-1434

TODD PUNKE, et al.,  
    Defendants

MERIT REVIEW ORDER

    This cause is before the court for merit review of the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff has filed his lawsuit pursuant to 42 U.S.C.§1983 claiming his constitutional rights were violated at Pontiac Correctional Center by three Defendants including Lieutenant Todd Punke, Officer William Lee and Warden Randy Pfister. However, there are several problems with the Plaintiff's complaint as drafted. First, he does not clearly state how each of the named Defendants is involved in his claims and he also mentions various other individuals in his complaint.

    Second, some of the Plaintiff's claims are time-barred. A lawsuit pursuant to §1983 is subject to the statute of limitations governing personal injury claims in the state where the alleged injury occurred. *Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992) *citing Wilson v Garcia*, 471 U.S. 161, 279 (1985). The applicable statute of limitations in Illinois is two years. *See Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). While state law determines

1

the length of the statute of limitations period, federal law determines when a §1983 claim accrues. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). A Plaintiff's claim accrues when the he or she knows or has reason to know of the injury which is the basis of the action. *Id.* The Plaintiff clearly knew about the incidents he complains of in 2011 and early 2012, but he chose not to file this lawsuit until November 7, 2014.

Third, one of the Plaintiff's claims repeats an allegation he already has pending before this court. The Plaintiff says he was placed in a chemically saturated cell on May 11, 2013, but that is the only surviving claim in *Pruitt v Deal*, Case No. 14-1014. *See* February 18, 2014 Merit Review Order.

Fourth, the Plaintiff is attempting to combine unrelated claims against different Defendants in the same lawsuit. For instance, the Plaintiff's claims involving Defendant Punke writing a disciplinary ticket against him in May of 2013 are wholly unrelated to his claim that Defendant Lee did not give him a food tray five months later. See *George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)( "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.") The Plaintiff is also advised he cannot combine these claims simply by making a general claim of retaliation over a period of several years. *See Dupree v. Mahone*, 2011 WL 995822 at 2 (N.D.Ill. March 21, 2011) "(Although each claim alleges that each defendant's retaliatory motive derives from plaintiff's litigation against IDOC, they all address separate instances by separate defendants, and appear to allege separate wrongdoings"). The Plaintiff may choose to pursue each of his claims, but he must file unrelated claims against different Defendants in separate lawsuits. He may not dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by

combining them in one lawsuit. *Id.* Therefore, the Plaintiff must decide which of his many claims he wishes to pursue in this litigation.

For the reasons provided by the court, the Plaintiff's complaint is dismissed as a violation of Rules 8, 18 and 20. The court will allow the Plaintiff an opportunity to file an amended complaint. The Plaintiff must restrict his claims as noted in this order. If the Plaintiff continues to file unrelated claims against different Defendants in the same lawsuit, the court will consider the claims in the order presented by the Plaintiff and dismiss all unrelated claims and Defendants.

IT IS THEREFORE ORDERED that:

1) The Plaintiff's complaint is dismissed as a violation of Rules 8, 18 and 20 of the Federal Rules of Civil procedure.

2) The court will allow the Plaintiff one opportunity to file an amended complaint clarifying his claims in compliance with this court order. The clerk is to provide the Plaintiff with a blank complaint form to assist him.

3) The Plaintiff must file his amended complaint on or before January 2, 2015. If the Plaintiff fails to file his complaint by the January 2, 2015 deadline or fails to follow the court's directions, his case will be dismissed.

4) The clerk of the court is to reset the internal merit review deadline for January 16, 2015.

Entered this 8th day of December, 2014.

s/ Michael M. Mihm
--------
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE